# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAZIA A. PUZZANGARA,<br><br>    Plaintiff,<br><br>v.<br><br>EVANS ASSOCIATES, et al.,<br><br>    Defendants. | Civil Action<br><br>No. 2:10-cv-00076 |

## MEMORANDUM

Before the court is plaintiff Grazia A. Puzzangara's petition for an award of attorney's fees and costs in the amount of $4,162.35 pursuant to Federal Rule of Civil Procedure 54(d) and 15 U.S.C. § 1692(k)(a)(3). Defendant opposes plaintiff's petition on various grounds. For the reasons that follow, the court will grant plaintiff's petition and award costs and attorney's fees in the amount of $4,151.54.

### I. Background

On January 8, 2010, plaintiff, Grazia A. Puzzangara, filed a complaint alleging that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, in attempting to collect an alleged debt from plaintiff. Defendants submitted an Offer of Judgment pursuant to Rule 68,[1] in the amount of $1,500.00, which

---

[1] All subsequent references to a Rule are to the Federal Rules of Civil Procedure.

plaintiff subsequently accepted. Neither party disputes that plaintiff is entitled to reasonable attorney's fees and costs; however, the parties have been unable to agree upon what is "reasonable." Accordingly, plaintiff filed this petition for attorney's fees on May 20, 2010, seeking an award in the amount of $8,268.85[2] and defendant filed a brief in opposition on June 15, 2010. On June 21, 2010, plaintiff filed a reply brief, conceding numerous requests and seeking a revised award of $4,162.35.[3]

## II. Discussion

Under the FDCPA, a successful party is entitled to "reasonable attorney's fees as determined by the court." 28 U.S.C. § 1692(k)(a)(3). In setting forth the standard for determining a fee award under the FDCPA, the Third Circuit has observed that "[g]iven the structure of [section 1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). A court has

---

[2] Plaintiff sought $8,704.05 less a voluntary 5% reduction to account for inherent duplication and inefficiencies.

[3] Plaintiff has made several voluntary concessions. First, the offer of judgment stipulated that only pre-offer fees and costs would be included in the award. Accordingly, plaintiff conceded post-offer attorney's fees of 14.6 hours ($3,836.00). (Defendants alleged that there were 15.8 hours of post-offer billings, but plaintiff's invoice lists only 14.6 (14.4 hours at $265.00 and .2 hours at $100.00)). Additionally, plaintiff conceded (1) post-offer costs of $31.00; (2) .6 hours ($99.00) of ministerial work, which plaintiff agreed to bill at a reduced rate; and (3) that he was not entitled to reimbursement ($26.50) for the filing of a corporate disclosure.

2

broad discretion in fashioning a reasonable award of attorney's fees under the FDCPA, and the court may reduce the fee award by an amount to be determined solely by the court, but only if the opposing party objects to the petitioner's application for fees. *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) (holding that a court cannot reduce an award sua sponte, but rather only in response to specific objections).

The "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). This method of calculating attorney's fees—the lodestar method—is presumptively reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Excluded from the lodestar calculation are hours not reasonably expended, such as hours attributable to over-staffing, hours that are excessive in light of the experience and skill of the lawyers, and hours that are redundant or otherwise unnecessary. *Hensley,* 461 U.S. at 434.

While not disputing the entitlement to attorney's fees and costs, defendants disagree with the reasonableness of the attorney's fees submitted by plaintiff's counsel, contending that the amount of hours expended is excessive.[4] Defendants allege that the

---

[4] Defendants claim that counsel for plaintiff requests an hourly rate of $250.00 because one of plaintiff's exhibits lists that amount. While there is one exhibit that lists

award should not include: (1) the fees and costs associated with service of process; (2) the excessive time that plaintiff's lawyer spent drafting the complaint and communicating with plaintiff; (3) the redundant time that counsel and his law clerk billed for the same conversation; and (4) the excessive amount of time plaintiff's lawyer spent conducting legal research. I will address each of these matters in turn.

(1) Fees and Costs Associated with Service of Process

Defendants object to the inclusion of 2.2 hours for identifying defendants in order to ensure service, .4 hours for supervision of service of process, and $140.50 for the costs of effecting service of process. Plaintiff's counsel alleges that he was actively involved with service of process and that there were complex and substantial challenges associated with effecting service. Specifically, plaintiff claims that it was difficult to identify

---

$250.00, plaintiff's counsel repeatedly states that he is requesting $265.00. *See, e.g.*, Br. in Supp. of Pl.'s Pet. for Atty. Fees and Costs at 1, *Puzzangara*, No. 2:10 CV 00076-LP (May 20, 2010); Reply Br. in Supp. of Pl.'s Pet. for Atty. Fees and Costs at 2, *Puzzangara*, No. 2:10 CV 00076-LP (June 21, 2010); Cert. of Joseph A. Mullaney, III at ¶ 34, *Puzzangara*, No. 2:10-cv-00076 (May 20, 2010). Defendants do not assert that the hourly rate should be $250.00 or that $265.00 is unreasonable; instead they merely refer to it as $250.00. Thus, to the extent that defendants attempt to challenge the hourly rate, they fail to provide any substantive basis for their claims. *See Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) (if challenger seeks to raise a factual issue, such as "a claim that the fee applicant's billing rate was lower than claimed," he must "introduce affidavits averring the facts upon which the challenge is based"); *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001) (objection to an attorney fee award must be sufficiently specific to allow the district court to determine if it is reasonable). Accordingly, based on the record, the substantiation provided by plaintiff, and defendants' failure to meaningfully challenge the hourly rate, the court accepts $265.00.

defendants because there were multiple entities in New York and Pennsylvania using the same or similar name as defendant Evans Associates.  Plaintiff further contends that defendants were not properly registered with the departments of state in New York or Pennsylvania and that five attempts were required in order to properly serve defendants.

Defendants argue that 2.2 hours to research defendants' identities is excessive. Specifically, defendants contend that they sent plaintiff a letter identifying the company, which should have alerted plaintiff to defendants' identities.  Plaintiff alleges that the company listed on the letterhead was not a registered entity in New York state, and that the company has multiple fictitious names. According to plaintiff's complaint, the entity behind defendant's letter to plaintiff has, at least, five alternative names.  Moreover, there are ten Jon Does and ten unnamed business entitites listed in plaintiff's complaint.  Given these facts, it is not unreasonable that counsel spent 2.2 hours identifying the proper defendants.  Accordingly, these hours are compensable.

Defendants also object to plaintiff's inclusion of .4 hours for supervising service of process because they claim it is a ministerial function that should be billed at a lower rate. Tasks that can be readily delegated to non-professionals are not properly charged at the attorney's hourly rate in a request for attorney's fees. *Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*, 297 F.3d 253, 266 (3d Cir. 2002) (citing *Halderman v. Pennhurst Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir.1995) ("[W]hen a lawyer spends time on tasks

that are easily delegable to non-professional assistance, legal service rates are not applicable.")). On the other hand, at least one court has held that supervision of service of process can be a legal function insofar as it is a necessary prerequisite to acquiring jurisdiction and satisfying due process requirements. *See Disabled Patriots of Am., Inc. v. Reserve Hotel, Ltd.*, 659 F. Supp. 2d 877, 892 (N.D. Ohio 2009) ("Supervision of service of process falls within the realm of legal work and is compensable."). Here, based on the complexity of service, this court agrees that supervising service of process was a legal function and is compensable.

Finally, defendants object to plaintiff's request for the costs associated with service of process.[5] Specifically, they argue that plaintiff's counsel should have requested that defendants waive service of process under Rule 4(d). Defendants further contend that plaintiff has a duty under 4(d) to avoid unnecessary costs associated with service of process. Plaintiff's counsel stated that five attempts were required to properly effect service on defendants and that defendants were so difficult to identify that seeking a waiver would have been impracticable. Counsel also indicated that, because of the difficulty of identifying defendants, he was concerned that requesting a waiver would prohibit him from effecting service within the time limits prescribed by the Federal Rules. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint

---

[5] The service costs include $140.00 in payment to the process server and $0.50 for communications charges.

6

is filed, the court . . . must dismiss the action . . . .").

Given the number of unnamed defendants and the complexity of service, it is not unreasonable that plaintiff's counsel did not ask defendants to waive service. Moreover, Rule 4(d)(1) places the duty of avoiding unnecessary costs on defendants and states that plaintiffs "may" request service of process, indicating that it is permissive. *See Powell v. Carey Intern. Inc.*, 548 F. Supp. 2d 1381, 1357–58 (S.D. Fla. 2008) (holding that plaintiffs are not obliged to request waiver of service under 4(d)); *but see Disabled Patriots*, 659 F. Supp. 2d at 898–99 (holding that, in the absence of an explanation from plaintiff, the court would not award service of process costs to plaintiff who failed to request service waiver from defendant).[6] Accordingly, the costs for service of process are compensable.

(2)  Excessive Hours

Defendants also contend that, in light of counsel's skill and experience and the routine nature of plaintiff's claim, it was excessive for counsel to bill (1) 3.2 hours to draft and revise plaintiff's complaint; (2) 2.7 hours to communicate with plaintiff; and (3) 1.8 hours to conduct legal research.

---

[6] Notably, in *Disabled Patriots*, the court disallowed service of process costs in the absence of an explanation from plaintiff. 659 F. Supp. 2d at 898–99.  Here, plaintiff has provided a reasonable explanation for not seeking a waiver. Thus, even if this court adopted the *Disabled Patriots* standard, the costs of effecting service would still be compensable.

This court finds that, given counsel's experience and the routine nature of plaintiff's claim, the total amount of time claimed for drafting and revising plaintiff's complaint is excessive. An experienced attorney commands higher hourly rates because he or she is more efficient. *See, e.g.*, *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001). In this case, plaintiff's complaint is largely formulaic and alleges routine violations of the FDCPA. The claims are not complex and plaintiff alleges only one count of an FDCPA violation. Moreover, plaintiff's counsel is an experienced attorney who specializes in consumer rights litigation and who has filed over seventy-five FDCPA cases in state and federal court. *See* Cert. of Joseph A. Mullaney, III at ¶¶ 2, 7 *Puzzangara*, No. 2:10-cv-00076 (May 20, 2010). Based on counsel's skill and experience with consumer rights litigation and the boilerplate nature of the complaint, this court finds that 3.2 hours is excessive for drafting and revising plaintiff's complaint. Accordingly, the compensable time for drafting plaintiff's complaint is reduced to 2.5 hours.

Additionally, defendants contend that the 2.7 hours plaintiff's counsel spent communicating with his client is unreasonable. They do not identify specific grounds for the objection, but merely state that this amount of time is excessive. Plaintiff's counsel alleges that this time was necessary to gather evidence and to respond to questions from his client. Since this amount of time appears to be reasonable, and since defendants set out no specific grounds for their contention that the time is excessive, it is compensable. *See*

*Bell v. United Princeton Prop.*, 884 F.2d. 713, 720 (3d Cir. 1989) (holding that in order to allege that hours are excessive, a party must identify the type of work being challenged and specifically state the grounds for contending that the hours are unreasonable).

(3) Law Clerk Conversation

Defendants object to the fact that plaintiff's counsel and his law clerk both billed the same conversation. *See Hensley,* 461 U.S. at 434 (redundant hours are excluded from a fee request). Plaintiff's counsel argues that the time was necessary to instruct the law clerk, even though the clerk ultimately did not perform any work related to the case.[7] Here, the clerk's hours are redundant because the attorney and the clerk logged hours for the same conversation, and unnecessary because the clerk did no work on the case. Accordingly, the clerk's time—.4 hours—is excluded from the fee award. As to counsel's time for the same conversation, he contends that his time discussing the issue with the clerk is billable because it helped him crystalize the issues of the case. Since the case was not complex and counsel is an expert in consumer litigation, a discussion with a law student could not have been necessary to clarify the issues. As a result, counsel's time for this same conversation—.4 hours—is also excluded.

(4) Legal Research

Defendants take issue with the 1.8 hours plaintiff's attorney spent conducting legal

---

[7] Before the law clerk could commence working on the case, she left counsel's law firm to pursue a different opportunity.

9

research, contending that it is excessive because counsel specializes in this area of consumer litigation. Plaintiff's counsel argues that even though he is experienced in FDCPA litigation, he was researching the recent case law in the forum where plaintiff's case would be litigated. This court agrees with plaintiff that even an experienced attorney would be remiss not to conduct any legal research with respect to his client's claims, and that 1.8 hours is not an unreasonable amount of time to conduct such research. Accordingly, this time is compensable.

### III. Conclusion

For the forgoing reasons, plaintiff's petition for attorney's fees will be granted in the amount of $4,151.54 (15.1 hours), which reflects (1) plaintiff's voluntary concessions in the amount of $3,992.50; (2) the reduction of .7 hours ($185.50) for drafting plaintiff's complaint; (2) the exclusion of .4 hours ($106.00) for counsel's conversation with his law clerk; (3) the exclusion of .4 hours ($50.00) for the law clerk's time; and (4) plaintiff's 5% voluntary reduction of fees and costs ($218.50). An appropriate order accompanies this memorandum.